JOHN T. WEBB, *Appellant*, v. THEODORE LESLEY, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF MARTHA J. BROWN, DECEASED; INDIA S. A. POSTON, ARTHUR L. POSTON, WILLIAM POSTON, HAMPTON POSTON, MYRTLE POSTON, ELEANOR POSTON, RAY POSTON AND MABEL POSTON, *Appellees*.

Division B.

Opinion Filed November 7, 1925.

Where one buys in her own name real estate for the use of a nephew and puts him in possession and promises to give the property to him if he so conducts himself in using the property as to satisfy the owner, and the owner expresses approval of the conduct of the nephew as the occupant of the premises, but the owner does not give or attempt to give the title to the property to the nephew during her life, and no personal or financial benefits accrued to the owner by the nephew's use of the property, but the use of the property during the life of the owner was beneficial to the nephew, a trust will not on the facts of the case, be decreed in the property as against the residuary devisees under the owner's will which pursuant to the statute embraces "property owned by the testator at the time of his death."

An Appeal from the Circuit Court for Hillsborough County; L. L. Parks, Judge.

Affirmed.

*N. B. K. Pettingill,* for Appellant;

*Herbert S. Phillips* and *H. P. Bailey,* for Appellees.

WHITFIELD, P. J.—The bill of complaint herein alleges in effect that Martha J. Brown by will disposed of her property by specific bequests and devises not affecting the property here involved and by a residuary devise and bequest to others than complainant, who is a nephew of the testatrix; that subsequently to the making of her said will, Martha J. Brown, "realizing that her term of life was growing short and having meantime formed the desire and intention not to leave your orator and his family entirely unprovided for, expressed to your orator and others her desire and intention to select and purchase for your orator a farm or grove which would provide him and his family with a home and means of support and to give the same to your orator as soon as she was satisfied he would properly care for and cultivate the same, and to that end examined in company with your orator, who went with her at her express instance and request, several properties in said Hillsborough County and finally selected and purchased from G. L. Stokes and his wife on the 23rd day of October, 1917, a tract of land with an orange grove thereon near the town of Dover in said Hillsborough County more particularly described as the east half of the southwest quarter of the southwest quarter, of section thirty-two (32), township twenty-eight (28) south, of range twenty-one (21) east, taking a deed of conveyance therefor in her own name and causing the same to be recorded in Deed Book No. 237, on page 278, in the office of the Clerk of this Court; that at the time of the selection

and purchase of the tract of land ·aforesaid by said Martha
J. Brown for the purpose aforesaid your orator was engaged
under a contract for the care and cultivation of a farm on
shares with William Nelms and E. E. Cone and, while so
engaged, the said Martha J. Brown, because of her desire to
make ·some provision for your orator out of her estate and
to induce him to accept her offer, proposed to and promised
him that, if he would cease and separate from his said em-
ployment and contract for running said farm on shares and
would move to, live upon and cultivate the above described
tract of land so as to provide a home for himself and family,
she would conclude the purchase of the same for him, taking
the title in her own name but promising and agreeing that
she would give said tract of land to him upon his com-
pliance with her wish that he would move his family upon
the same, make a home for them there and care for and cul-
tivate the place; and that, confiding in said promise and
agreement, and upon the consideration thereof, your orator
accepted said offer of said Martha J. Brown, the latter com-
pleted the purchase of said property by obtaining a deed
therefor as above set forth, and your orator proceeded to
carry out and comply with the terms of said agreement on
his part by terminating the contract and arrangement by
which he was then occupied in farming on shares as afore-
said, moving his residence and family to and upon the tract
of land and farm so purchased for him by said Martha J.
Brown and described as above, making his and their home
there, and starting upon the care and cultivation of the
same; that thereafter said Martha J. Brown frequently vis-
ited your orator at his home on the farm, above described,
expressed her satisfaction at the compliance of your orator
on his part with the terms of said agreement in considera-
tion of which he had been placed by her in possession there-
of, and about the time of the last of such visits declared that
upon her return to her place of residence she intended at

once to have the papers fixed necessary to comply with the promise made by her and to give to your orator the ownership of the tract of land aforesaid; that said last visit occurred on or about the 28th day of January, 1918, and immediately upon her return therefrom she was taken seriously ill before being able to carry out her intention aforesaid in favor of your orator; and that her illness rapidly grew worse until she became unconscious and shortly thereafter, to-wit, on the first day of February, 1918, the said Martha J. Brown died without having the opportunity or physical ability to arrange or provide for the execution of the papers necessary to fulfil her promise and intention expressed as aforesaid in favor of your orator, her age being about seventy-four years."

The prayer is "that the promise and agreement made by said Martha J. Brown in her lifetime with your orator as hereinbefore set forth may be declared and decreed to be made upon valid and sufficient consideration and to be binding upon her executor and residuary devisees; that said defendant devisees, to-wit, India S. A. Poston, Arthur L. Poston, William Poston, Hampton Poston, Myrtle Poston, Eleanor Poston, Ray Poston and Mabel Poston, may be declared and decreed to hold the legal title in fee simple and the right to the income of the farm hereinafter described in trust for the use and benefit of your orator; that said defendants may be further ordered and decreed to convey to your orator by good and sufficient deed all their right, title and interest in said farm, that is to say, said India S. A. Poston to convey her right to the income from said farm during the term of her life, and the defendant devisees, her children, to convey their fee simple title to the same; that the guardian ad litem of those defendants who are infants or some other impartial person be named by this court to execute such conveyance on behalf of such infants; and that your orator may have such

other and further relief as equity may require and to your Honor may seem meet.''

The answer denies the material allegations of the bill and avers ''that the complainant without right or title has occupied the said land as herein described since the death of Martha J. Brown, receiving the rents and profits therefrom without accounting to these defendants or to the executor of the estate of Martha J. Brown, deceased, whose duty it is to collect the rents, issues and profits of the said land, and preserve the same and pay over to these defendants, yet the complainant so occupying the said property, a valuable orange grove in bearing, and producing a large income, receives the income from the sale of the fruit and other farm products, and wrongfully appropriates the same to his own use, in duty bound, the complainant ought to be required to account for the oranges sold from the said orange grove or the proceeds arising from the sale thereof and other products from the said farm to these defendants, or the executor of the estate of Martha J. Brown, deceased.''

This appeal was taken from a decree dismissing the bill of complaint on final hearing on the pleadings and evidence.

Assuming that the evidence accords with the allegations of the bill, it is insufficient to justify the equitable relief prayed. Whatever may have been the intention of the testatrix to make a voluntary provision for her nephew, she did not in fact do so except to accord him the privilege during her life of living on and utilizing the place purchased by her after making her will. Her residuary devise carried the title and beneficial interest in the property to others at her death. Sec. 3594, Rev. Gen. Stats., 1920.

The allegations and evidence show a voluntary gift of the use of the property to the complainant which benefited him, but do not show a binding promise predicated

upon sufficient consideration to warrant a decree establishing a trust in the property in favor of the complainant as against the residuary devisees under the will of the testatrix.

Where one buys in her own name real estate for the use of a nephew and puts him in possession and promises to give the property to him if he so conducts himself in using the property as to satisfy the owner, and the owner expresses approval of the conduct of the nephew as the occupant of the premises, but the owner does not give or attempt to give the title to the property to the nephew during her life, and no personal or financial benefits accrued to the owner by the nephew's use of the property, but the use of the property during the life of owner was beneficial to the nephew, a trust will not on the facts of this case, be decreed in the property as against the residuary devisees under the owner's will which pursuant to the statute embraces "property owned by the testator at the time of his death."

Affirmed.

STRUM AND BROWN, J. J., concur.

WEST, C. J., AND ELLIS AND TERRELL, J. J., concur in the opinion.